UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| PATTY FOREMAN, ) | |
| ) | JURY TRIAL DEMANDED |
| Plaintiff, ) | ON ALL COUNTS |
| ) | |
| v. ) | |
| ) | Cause No. 3:06-cv-00897-MJR-DGW |
| MERCK & CO., INC., also d/b/a MERCK, ) | |
| SHARP AND DOHME and d/b/a ) | |
| MSD SHARP & DOHME GmbH, ) | |
| G.D. SEARLE LLC, WALGREEN CO., ) | |
| d/b/a WALGREENS, PFIZER INC., ) | |
| MONSANTO COMPANY, ) | |
| PHARMACIA CORPORATION, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Merck & Co, Inc. ("Merck"), improperly referred to by plaintiff as "Merck & Co., Inc., also d/b/a Merck, Sharp and Dohme and d/b/a MSD Sharp & Dohme GmbH," through undersigned counsel, hereby removes the state court action entitled *Patty Foreman v. Merck & Co., Inc. et al.*, Civil Action No. 06-L-854, filed in the Circuit Court of Madison County in the State of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1. This is one of numerous lawsuits that have been filed in both federal and state courts around the country concerning the pharmaceutical Vioxx®. On October 22, 2004, in an effort to coordinate the discovery and pretrial administration of this potentially large litigation, Merck filed a motion with the Judicial Panel of Multidistrict Litigation ("the Panel") seeking transfer under 28 U.S.C. § 1407 of the 79 Vioxx product liability cases then pending in federal court to one court for coordinated proceedings. In addition, over two dozen different

2467299

plaintiffs' counsel filed papers seeking MDL coordination of their cases. On February 16, 2005, the Panel entered an order establishing MDL-1657 and ordering the transfer of more than 140 cases, and noting that another "nearly 300 potentially related actions pending in multiple federal districts" will be treated as potential tag-along actions. The Court further found specifically that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and that motions to remand in "MDL-1657 actions can be presented to and decided by the transferee judge." *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

2. Merck intends to seek the inclusion of this case within the MDL proceedings.

3. On or about September 27, 2006, plaintiff filed this action against Merck and other defendants by filing a complaint in the Circuit Court of Madison County, in the State of Illinois, bearing Number 06-L-854. A copy of the Complaint is attached hereto as Exhibit 1.

4. In this action, plaintiff alleges that she suffered a variety of serious injuries as a result of taking Vioxx and Celebrex®. (Comp. ¶ 1.) Plaintiff's key contention is that these drugs are defective in design, dangerous to human health, and that the defendants failed to warn properly of the dangers associated with their use. (*Id.* ¶¶ 13, 14, 23-25, 31, 64, 66, 72, 93, 121, 129, 141.)

5. Merck has not been served with the Complaint in this case more than 30 days prior to the date of this filing. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.

6. As described below, Pfizer Inc. ("Pfizer"), G.D. Searle LLC ("Searle") and Pharmacia Corporation ("Pharmacia") f/k/a Monsanto Company that was organized in 1933

(improperly captioned in Plaintiff's Complaint as "Monsanto Company") have consented in this removal.

7. The remaining defendant, Walgreen Co. ("Walgreens"), was fraudulently joined in this action. Accordingly, it need not consent in this removal. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993); *Siderits v. State of Indiana*, 830 F. Supp. 1156, 1160 (N.D. Ind. 1993); *Hess v. Great Atlantic & Pacific Tea Co., Inc.*, 520 F. Supp. 373, 375-76 (N.D. Ill. 1981).

8. No further proceedings have been had in the state court action.

9. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

### A. Amount In Controversy

10. It is apparent from the face of the Complaint that plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff, in this case, brings nineteen different claims against Merck and other defendants. Plaintiff's key allegations are that Vioxx and Celebrex are defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with their use. (Comp. ¶¶ 13, 14, 23-25, 31, 64, 66, 72, 93, 121, 129, 141.) Plaintiff alleges that, as a result, she suffered a heart attack, stroke and cardiovascular injury due to clotting or thrombosis that was caused or contributed to be caused by taking Vioxx and Celebrex. (*Id.* at ¶¶ 18, 114.) Nowhere in the Complaint does plaintiff limit the amount in controversy to less than $75,000. For each of her nineteen claims,

plaintiff seeks "general damages in the sum in excess of the jurisdictional minimum amount of this Court," compensatory damages, consequential damages, costs, and any other available relief. (*Id.* at "Prayer for Relief as to All Counts").

11. If liability is established, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability claims in Illinois, where as here, plaintiff alleges serious injuries. *See, e.g., Hansen v. Baxter Healthcare Corp.*, 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn*, 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993). Based on plaintiff's allegations of personal and economic injuries, the finder of fact could easily conclude that plaintiff is entitled to damages in excess of $75,000, and Merck has met its burden of showing that the jurisdictional amount is satisfied. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim … he would be entitled to less than … [the] jurisdictional minimum"); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439.

12. Moreover, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging injuries caused by Vioxx. *See, e.g., Morgan v. Merck & Co.*, No. 3:03cv435WS (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*, Civ. No. 02-00186 (D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual

damages for injuries caused by Vioxx, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

### B. Complete Diversity Of Citizenship

13. There is complete diversity between plaintiff, on the one hand, Merck (a citizen of New Jersey), Pfizer (a citizen of Delaware and New York), Pharmacia f/k/a Monsanto Company that was organized in 1933 (improperly captioned in plaintiff's complaint as "Monsanto Company") (a citizen of Delaware and New Jersey), and Searle (a citizen of Delaware and New Jersey). Plaintiff affirmatively admits that she is a citizen of the State of Illinois. (Comp. ¶ 1.)

14. Merck is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey, and, therefore, is a citizen of the State of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 2.

15. Pfizer is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New York, and, therefore, is a citizen of the State of Delaware and the State of New York for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 6.

16. In 1933, an entity known as Monsanto Company was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of the 1933 Monsanto Company merged with Pharmacia & Upjohn, Inc., and Monsanto Company changed its name to Pharmacia Corporation. Assuming this is the entity plaintiff is suing, it does not defeat diversity as Pharmacia is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware, with its principal place of business in New Jersey, and, thus, for

jurisdictional purposes, is a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 5.

17. Pharmacia is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey, and, therefore, is a citizen of the State of Delaware and the State of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 4.

18. Searle is, and was at the time plaintiff filed this action, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey and, thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey. *See Cosgrove v. Bartolotta.*, 150 F.3d 729, 731 (7th Cir. 2004) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizen of its members").

**Walgreens is Fraudulently Joined**

19. The remaining defendant, Walgreens, is alleged to be a citizen of the state of Illinois. *See* Comp. ¶ 7. Walgreens has been fraudulently joined to defeat diversity jurisdiction. Accordingly, its citizenship should be ignored for purposes of determining diversity. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).

20. In the Seventh Circuit, "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990

6

F.2d 323, 327 (7th Cir. 1993). In determining whether a defendant was fraudulently joined, the Seventh Circuit requires not just an analysis of whether plaintiff stated a "claim," but also whether plaintiff has a "reasonable possibility" of recovery on that claim. *See Schwartz*, 174 F.3d at 878 (finding removal proper because of fraudulent joinder, notwithstanding the fact that plaintiff had a "claim" under the concept of notice pleading).

21. Plaintiff attempts to state claims against Walgreens for strict liability (based on sale of a defective product), negligent failure to warn, and breach of warranty. (Comp., Counts XVII, XVIII, XIX.) Because plaintiff does not have a reasonable possibility of prevailing on any of these claims, Walgreens has been fraudulently joined and its citizenship should be ignored.

22. As an initial matter, Walgreens is fraudulently joined because plaintiff's claims against it are wholly inconsistent with the essence of her entire Complaint: that Merck misled the public and physicians regarding the safety of Vioxx. (Comp. ¶¶ 24-26, 30, 32-34, 38, Counts II, IV-VII.) After all, plaintiff repeatedly asserts in her Complaint that Merck misled and withheld information regarding the safety of Vioxx from plaintiff herself, the consuming public generally, and even from the health care industry. At the same time, plaintiff also alleges that Walgreens – a mere service provider that fills prescriptions made by doctors – was sufficiently aware of the risks associated with Vioxx that its failure to disclose those risks breached a duty to plaintiff. (*Id.* at ¶ 64.) The incompatibility of these two theories has been acknowledged by several hundred plaintiffs in similar Vioxx cases. *See* July 21, 2005 Order and Memorandum, p. 2, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. July 21, 2005), attached hereto as Exhibit 2 (the MDL Plaintiffs generally will not be asserting claims against the prescribing doctors because such a claim would "undermine" plaintiffs' "main theory . . . that Merck failed

7

to disclose known risks of heart attacks to the medical community . . . "). Plaintiff's claims that Merck misled the public at large demonstrate that her case against Walgreens cannot succeed. Such inconsistency only goes to prove that Walgreens was joined solely for the improper purpose of avoiding federal jurisdiction. *See, e.g., In re Rezulin Prods. Liab. Litig.* ("*Rezulin I*"), 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (finding that non-diverse physicians were fraudulently joined because the plaintiffs' allegations that the drug manufacturer had concealed the drug's risks from everyone "refutes the assumption that . . . [the] physician had knowledge of [the drug's] harmful effect"); *Wiggins v. Am. Home Prods. Corp.*, 2001 WL 34013629 (N.D. Ala. Oct. 2, 2001) (in-state pharmacy was fraudulently joined where plaintiff made no specific allegation against the pharmacy), *aff'd mem.*, No. 02-10528, 2002 WL 1276993 (11th Cir. May 29, 2002).

23. Plaintiff's failure-to-warn claim against Walgreens is also not viable because Illinois courts have held repeatedly that a pharmacy has no such duty and thus cannot be liable for a failure to warn claim as a matter of law. *See, e.g., Leesley v. West*, 165 Ill. App. 3d 135 (2d Dist. 1988) ("illogical and inequitable" to impose such a duty on pharmacist); *Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 34 (Ill. 1992) ("In our opinion, consumers should principally look to their prescribing physician to convey the appropriate warnings regarding drugs, and it is the prescribing physician's duty to convey these warnings to patients"); *Kasin v. Osco Drug, Inc.*, 312 Ill. App. 3d 823, 826 (2d Dist. 2000) (noting that the learned intermediary doctrine has been applied by Illinois courts to "exempt pharmacies and pharmacists from giving warnings to patients"). Courts have properly "applied the learned intermediary doctrine to pharmacists, and held that the defendant pharmacy had no duty to pass on to a customer relevant

8

warnings given to it by the manufacturer of a prescription drug." *Happel v. Wal-Mart Stores, Inc.*, 766 N.E.2d 1118, 1126 (Ill. 2002).

24. Similarly, Illinois courts have foreclosed as a matter of law any possibility of recovery on a claim of strict liability against a pharmacy based upon the sale of prescription drugs. *See Leesley*, 165 Ill. App. 3d at 140-41 (concluding that a seller of a prescription drug cannot be held strictly liable when the drug is distributed in the usual manner, *i.e.*, prescribed by a physician who received the required warnings).

25. Notably, plaintiff's failure to warn claim does not fall under either of the two recognized exceptions to the general "no duty" rule. First, the Illinois Supreme Court has held that "a narrow duty to warn exists where . . . , a pharmacy has patient-specific information about drug allergies, and knows that a drug being prescribed is contraindicated for the individual patient." *Happel v. Wal-Mart Stores, Inc.*, 766 N.E.2d 1118, 1129 (Ill. 2002). Plaintiff has not asserted any allegations in her Complaint that show that this narrow exception would apply here. Plaintiff has not pleaded anywhere in her Complaint that Walgreens knew about any of her specific drug allergies or knew that Vioxx was contraindicated for her because of those drug allergies. In fact, plaintiff has not pleaded that she even suffers from any drug allergies.

26. Plaintiff also has no chance of success under the second narrow exception. The second exception occurs where a pharmacy voluntarily undertakes to provide a customer with information or warnings about a prescription drug, then the pharmacy assumes a duty of care limited to the extent of its undertaking. *See Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 32 (Ill. 1992); *Kasin*, 312 Ill. App. 3d at 827. Nowhere in Count XVIII, plaintiff's failure to warn count, does plaintiff allege any undertaking whatsoever. Furthermore, Illinois law is clear that even if Walgreens had provided warnings as to some possible side effects, that alone does

9

not create a duty to warn plaintiff of *all* possible side effects of the drug. *See Frye*, 153 Ill. 2d at 33 (holding that pharmacy's undertaking to warn plaintiff that drug may cause drowsiness did not require it to warn plaintiff of all potential side effects of drug); *Kasin*, 312 Ill. App. 3d at 829 ("By voluntarily undertaking to list some of the drug's side effects, [the pharmacy] did not assume a duty to list all possible side effects").

27. Plaintiff's breach of warranty claim against Walgreens is barred as well. *See Brandt v. Boston Scientific Corp.*, 204 Ill. 2d 640 (Ill. 2003) (holding that sale of medical products in connection with surgery was not sale of goods and that a breach of warranty claim could not be brought); *see also Rezulin I*, 133 F. Supp. 2d at 289 ("Almost every state confronted with the question has declined to impose on pharmacists a duty to warn of intrinsic natures of prescription drugs. . . . Moreover, these states have not limited their holdings to failure to warn claims, but have shielded pharmacists from liability on theories of strict liability and breach of warranty as well."); *In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 422-24 (E.D. Pa. 2002) (similar).

28. In short, plaintiff has joined Walgreens even though she has no reasonable likelihood of prevailing against it. Plaintiff's actions are part of "a pattern of pharmacies being named in complaints, but never pursued to judgment, typically being voluntarily dismissed at some point after the defendants' ability to remove the case has expired." *See In re Diet Drugs*, 220 F. Supp. 2d at 424. Because plaintiff cannot actually prevail on her claims against Walgreens, it is fraudulently joined and diversity jurisdiction exists over plaintiff's claims.

## II. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

29. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

30. The United States District Court for the Southern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of Illinois pursuant to 28 U.S.C. §§ 93(c) and 1441(a).

31. Merck has obtained the consents of Pfizer, Searle, and Pharmacia f/k/a Monsanto Company that was organized in 1933 (improperly captioned in Plaintiff's Complaint as "Monsanto Company"), attached hereto as Exhibit 3.

32. As discussed above, Walgreens was fraudulently joined in this action, and, therefore, Merck need not obtain its consent to remove this action. *See Shaw*, 994 F.2d at 369; *Siderits*, 830 F. Supp. at 1160; *Hess*, 520 F. Supp. at 375-76.

33. Pursuant to 28 U.S.C. § 1446(d), Merck is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of St. Clair County, in the State of Illinois, bearing Number 06-L-854, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Randy Soriano
Dan H. Ball #06192613
Robert T. Ebert, Jr. #06197650
Stephen G. Strauss #06278807
Randy J. Soriano #06279439
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

/s/ Randy Soriano