were forced to rely in prescribing Vioxx during the period of Plaintiff's ingestion of Vioxx including, but not limited to, information relating the recommended duration of the use of the drugs;

e. Promotional pamphlets and brochures published and distributed by Merck and marketed directly to consumers, which contradicted the information that was set forth in the package insert and the Physician's Desk Reference; and

f. Advertisements, including but not limited to direct to consumer advertising.

84. The documents referred to above were created by and at the direction of Defendant.

85. At the time of these express warranties, Merck had knowledge of the purpose for which Vioxx was to be used and warranted it to be in all aspects safe, effective and proper for such purpose, when indeed it was not.

86. Merck knew and had reason to know that Vioxx did not conform to these express representations in that Vioxx is neither safe nor as effective as represented, and that Vioxx produces serious adverse side effects.

87. As such, Merck's products were neither in conformity to the promises, descriptions or affirmations of fact made about Vioxx nor adequately contained, packaged, labeled or fit for the ordinary purpose for which these goods were sold and used.

88. Merck breached these express warranties to Plaintiff in violation of the applicable

Foreman

Page 30 of 57

M0008640410

provisions of the Uniform Commercial Code by:

        a.    Manufacturing, marketing, packaging, labeling and selling Vioxx to Plaintiff in such a way that misstated the risks of injury, without warning or disclosure thereof by package or label of such risks to the Plaintiff or the prescribing physicians or pharmacist, and without modifying or excluding such express warranties;

        b.    manufacturing, marketing, packaging, labeling, advertising and selling Vioxx to Plaintiff, which failed to counteract the negative health effects and increased risks in a safe and permanent manner; and

        c.    manufacturing, marketing, packaging, labeling, advertising, promoting and selling Vioxx to Plaintiff, thereby causing the increased risk of serious physical injury and death, pain and suffering.

89.    Merck was or should have been in possession of evidence demonstrating that Vioxx causes serious side effects. Nevertheless, Merck continued to market Vioxx by providing false and misleading information without regard to the safety and efficacy of Vioxx.

90.    Merck's actions, as described above, were performed willfully, intentionally and with reckless disregard for the rights of Plaintiff and the public.

    WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for Plaintiff's costs herein expended.

### COUNT 5 COMMON LAW FRAUD- AGAINST MERCK

    COMES NOW Plaintiff and for Count Five of the Complaint against Defendant

Foreman

Page 31 of 57

M008640411

Merck, alleges:

91.    Plaintiff re-alleges and incorporates the foregoing allegations.

92.    Merck, at all relevant times, made false representations and omissions to Plaintiffs and other members of the public, including but not limited to, that Vioxx was safe, had been adequately tested to determine safety, and did not present life-threatening dangers.

93.    These representations and omissions, as set forth in the above paragraphs, were false. The true facts were that Vioxx were not safe, had not been adequately tested, and had dangerous and life-threatening side effects.

94.    When Merck made the representations, it knew them to be false, and said representations were made by Merck with the intent to deceive Plaintiff and/or Plaintiff's prescribing physicians and with the intent to induce plaintiff to use the Vioxx manufactured by Merck.

95.    Plaintiff and/or Plaintiff's physicians reasonably relying upon the false representations and omissions, Plaintiff's physicians prescribed Vioxx, Plaintiff used Vioxx. Plaintiff would not have done so if Plaintiff had known the true facts. In using Vioxx, Plaintiff exercised ordinary care.

96.    As a direct and proximate result of the aforesaid fraudulent conduct, Merck caused Plaintiff to suffer the damages and injuries herein alleged.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for Plaintiff's costs herein expended.

## COUNT 6- NEGLIGENT MISREPRESENTATION – AGAINST MERCK

Foreman

Page 32 of 57

M008640412

COMES NOW Plaintiff and for Count Six of the Complaint against Defendant Merck, alleges:

97.     The Plaintiff re-alleges and incorporates the foregoing allegations.

98.     Merck misrepresented to Plaintiff and/or Plaintiff's treating physicians the potential serious cardiovascular findings that were observed in the VIGOR study, minimized the Vioxx/Coumadin drug interaction, omitted crucial risk information associated with Vioxx, misrepresented Vioxx safety profile and represented that Vioxx was safe, and that any cardiovascular and/or cardio thrombotic side effects were not associated with the drug.

99.     These representations were made with the actual knowledge of Merck.

100.    The representations set forth *supra* were material to Plaintiff and/or Plaintiff's treating physician to prescribe and maintain Plaintiff's prescription of Vioxx.

101.    The representations were made either without knowing of the truth or falsity of the representations or knew or should have known that the representations being made were false and, therefore, Defendant failed to exercise reasonable care in making the representations in the scope and course of their employment in marketing Vioxx to individual consumers, Plaintiff's treating physicians, hospitals, and other health care providers.

102.    Merck intended for Plaintiff and/or Plaintiff's treating physicians to rely upon the material misrepresentations to induce them to initially prescribe Vioxx and continue Plaintiff on Vioxx.

103.    Plaintiff justifiably relied on the representations which were made directly to

Foreman

Page 33 of 57

M008640413

Plaintiff or Plaintiff's treating physicians, with Merck knowing that Plaintiff was in a limited group who Merck knew would rely upon the information.

104. As a direct result of Merck's negligent misrepresentation, personal injuries and actual damages in an amount to be proved at trial. The negligent misrepresentations caused or substantially contributed to cause Plaintiffs' damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for Plaintiff's costs herein expended.

### COUNT 7-DECEPTIVE TRADE PRACTICES ACT- AGAINST MERCK

COMES NOW Plaintiff and for Count Seven of the Complaint against Defendant Merck, alleges:

105. The Plaintiff re-alleges and incorporates all the foregoing allegations.

106. Plaintiff brings this action pursuant to 815 ILCS 505, et seq. (The Illinois Consumer Fraud and Deceptive Practices Act), in that Plaintiff purchased and used Vioxx for Plaintiff's personal use and thereby suffered ascertainable loss as a result of Merck's actions in violation of the Illinois consumer fraud statute.

107. Unfair or deceptive acts or practices are defined and declared unlawful in Illinois. The unfair or deceptive acts or practices as defined in the statute include, "the use of any deception, fraud, false pretense, false promise, misrepresentation or concealment, suppression or omission of any material fact . . . in the conduct of any trade or commerce."

108. Merck violated the Act by its use of false and misleading misrepresentations or

Foreman

Page 34 of 57

M008640414

omissions of material fact in connection with the sale of Vioxx. Merck communicated the purported benefits of Vioxx, while failing to disclose the serious and dangerous side effects related to the use of its product, and in fact actually concealing from health care providers the adverse cardiovascular effects of Vioxx.

109.  In this regard, Merck, including but not limited to, created a "dodgeball Vioxx" training package for its sales force, which instructed the individual Defendants named in this count to duck doctors and health care providers' questions about Vioxx's possible cardiovascular side effects. Merck's sales representations followed its instructions and concealed, omitted, and suppressed these material facts when making sales calls to health care providers.

110.  As a result of violating the Illinois consumer fraud statute, Merck is liable to Plaintiff for actual damages, costs and reasonable attorneys' fees, and for such additional relief as the Court may deem appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for Plaintiff's costs herein expended.

## II. ALLEGATIONS AS TO CELEBREX

### BACKGROUND-CELEBREX

111.  Celebrex (Celecoxib) is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Searle, Pharmacia, Monsanto and Pfizer did manufacture, design, package, market and distribute this drug. Searle, Pharmacia and Pfizer encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its

Foreman

M0008640415

dangerous side effects. Searle, Pharmacia, Monsanto and Pfizer aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. Searle, Pharmacia, Monsanto and Pfizer did this to increase sales and profits.

112. At all times relevant hereto, Searle, Pharmacia, Monsanto and Pfizer actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Searle, Pharmacia, Monsanto and Pfizer's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the consumers rights.

113. This Complaint seeks redress for damages sustained by Plaintiff, resulting from Plaintiff's use of Celebrex (Celecoxib), manufactured and sold by Pharmacia, Searle, Monsanto and Pfizer.

114. Plaintiff, Patty Foreman, received a prescription for Celebrex and took it for approximately six months. Plaintiff took the drug as prescribed by a medical professional and suffered a heart attack, stroke and cardiovascular injury due to clotting or thrombosis. Plaintiff's decedent's use of Celebrex was the direct and proximate cause and/or contributed to cause the injuries at issue.

115. The damages sought herein are the direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer's wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing,

Foreman

Page 36 of 57

M0008640416

marketing, advertising, promoting, selling, packaging, supplying and/or distributing the prescription drug Celebrex (Celecoxib).

116.    At all times relevant hereto, Pharmacia, Searle, Monsanto and Pfizer were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the pharmaceutical drug Celebrex (Celecoxib) throughout the United States.

117.    Had Pharmacia, Searle, Monsanto and Pfizer properly disclosed the risks associated with using Celebrex (Celecoxib), Plaintiff would not have taken it for treatment of pain.

118.    Plaintiff did not know of and did not even have the opportunity to know the potential connection between the use of Celebrex (Celecoxib) and Plaintiff's decedent's injury until after the FDA issued its recommendation, on April 7, 2005, that Celebrex (Celecoxib) be required to include a black box warning.

## COUNT 8--STRICT PRODUCTS LIABILITY/ DEFECTIVE
## DESIGN--CELEBREX

COMES NOW Plaintiff and for Count Eight of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

119.    Plaintiff incorporates all allegations in the preceding paragraphs as is fully set forth in this Count.

120.    Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by Plaintiff and

M008640417

others.

121.    At the time Celebrex (Celecoxib) was manufactured and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, and other illnesses which exceeded the benefits of the products, and for which other safer products were available. This defective condition made the product unreasonably dangerous when put to a reasonably anticipated use as treatment for pain relief, which was the use for which Celebrex (Celecoxib) was advertised.

122.    Alternatively, when the Celebrex (Celecoxib) products were manufactured and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, the products were defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

123.    Plaintiff used Celebrex (Celecoxib) in a manner reasonably anticipated.

124.    The Celebrex (Celecoxib) sold to the Plaintiff reached the Plaintiff without substantial change. Plaintiff was unaware of the dangerous propensities of the product until well after Plaintiff's use and injury requiring hospitalization. The Plaintiff ingested the Celebrex (Celecoxib) without making any changes or alterations.

125.    As a direct and proximate result of the defective and dangerous design of the Celebrex (Celecoxib), Plaintiff has been damaged and Plaintiff has been caused to die.

126.    Pharmacia, Searle, Monsanto and Pfizer's conduct was done with conscious disregard for the safety of users of Celebrex (Celecoxib), including Plaintiff.

127.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

Foreman

M008640418

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

### COUNT 9--STRICT PRODUCTS LIABILITY/FAILURE TO WARN -CELEBREX

COMES NOW Plaintiff and for Count Nine of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

128.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

129.    The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was unaccompanied by proper and adequate warnings regarding all adverse side effects associated with the use of Celebrex (Celecoxib), and the comparative severity and duration of the adverse effects. The warnings given by Pharmacia, Searle, Monsanto and Pfizer did not accurately reflect the symptoms, type, scope, or severity of the side effects.

130.    The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was an unreasonably dangerous defective product, which posed unacceptable risks to human health when put to a reasonably anticipated use by Plaintiff that was without knowledge of its dangerous characteristics.

131.    Pharmacia, Searle, Monsanto and Pfizer failed to perform adequate testing and study Celebrex (Celecoxib) prior to marketing it or properly analyze and warn based. Such adequate testing, study or analysis would have shown that Celebrex (Celecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity

Foreman

Page 39 of 57

M0008640419

should have been given with respect to the use of Celebrex (Celecoxib).

132. Pharmacia, Searle, Monsanto and Pfizer also failed to act properly on adverse event reports it received about Celebrex (Celecoxib), and failed to properly study Celebrex (Celecoxib)'s pre-market as well as post market.

133. Pharmacia, Searle, Monsanto and Pfizer also failed to effectively warn users and physicians that numerous other methods of pain relievers, including Ibuprofen, Naproxen, and/or Mobic were safer.

134. Pharmacia, Searle, Monsanto and Pfizer failed to give adequate post-marketing warnings or instructions for the use of Celebrex (Celecoxib) because after Pharmacia, Searle, Monsanto and Pfizer knew or should have know of the risk of injury from Celebrex (Celecoxib) use, Pharmacia, Searle, Monsanto and Pfizer failed to provide adequate warnings to users or consumers and continued to aggressively promote the product to doctors, hospitals, and directly to consumers.

135. Plaintiff used Celebrex (Celecoxib) in a manner reasonably anticipated.

136. As a direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer selling Celebrex (Celecoxib) without adequate warnings, as well as the other conduct mentioned in this Count, Plaintiff has been damaged and Plaintiff was caused to die.

137. Pharmacia, Searle, Monsanto and Pfizer conduct was done with conscious disregard for safety.

138. The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and

Foreman

M0008640420

reasonable under the circumstances and for his costs herein expended.

## COUNT 10--NEGLIGENT DESIGN -CELEBREX

COMES NOW Plaintiff and for Count Ten of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

139.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

140.    Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by Plaintiff and others.

141.    At the time the Celebrex (Celecoxib) was manufactured and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which exceeded the benefits of the product, and for which other safer products were available.

142.    Alternatively, when the Celebrex (Celecoxib) product was manufactured and sold to the Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, the product was defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

143.    The Celebrex (Celecoxib) sold to Plaintiff reached Plaintiff without substantial change. Plaintiff was unaware of the dangerous propensities of the product until well after Plaintiff's use and subsequent stroke. Plaintiff ingested the Celebrex (Celecoxib) without making any changes or alterations.

Foreman

Page 41 of 57

M008640421

144.    In designing and manufacturing Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer failed to exercise the ordinary care that a careful and prudent drug manufacturer would exercise in the same or similar circumstances.

145.    As a direct and proximate result of the negligent design of the Celebrex (Celecoxib), Plaintiff has been damaged and Plaintiff was caused to die.

146.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

## COUNT 11--NEGLIGENT FAILURE TO WARN -CELEBREX

COMES NOW Plaintiff and for Count Eleven of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

147.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

148.    Pharmacia, Searle, Monsanto and Pfizer owed Plaintiff a duty to warn of any dangerous defects or side effects; a duty to assure its product did not cause users unreasonable and dangerous risks, reactions, side effects; and a duty to provide adequate post market surveillance and warnings as it learned of Celebrex (Celecoxib) substantial dangers.

149.    Pharmacia, Searle, Monsanto and Pfizer breached its duty of reasonable care to Plaintiff in that Pharmacia, Searle, Monsanto and Pfizer failed to:

      a.  Conduct sufficient testing which, if properly performed, would have

Foreman

Page 42 of 57

M00860422

shown that Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

   b. Include adequate warnings with the Celebrex (Celecoxib) products that would alert users to the potential risks and serious side effects the drugs; and/or

   c. Warn the Plaintiff that use of Celebrex (Celecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

   d. Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Celebrex (Celecoxib); and/or

   e. Provide Plaintiff with other appropriate warnings.

150.   Pharmacia, Searle, Monsanto and Pfizer should have known that Celebrex (Celecoxib) caused unreasonably dangerous risks and serious side effects of which the general public would not be aware. Pharmacia, Searle, Monsanto and Pfizer nevertheless advertised, marketed and promoted its product knowing there were safer methods and products for pain control.

151.   As a direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer's negligence and breaches of its duty of reasonable care, Plaintiff has been damaged.

152.   The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

   WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

                              Foreman

                         Page 43 of 57

M0086404623

## COUNT 12--FRAUDULENT CONCEALMENT -CELEBREX

COMES NOW Plaintiff and for Count Twelve of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

153.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

154.    Pharmacia, Searle, Monsanto and Pfizer had actual knowledge of the cardiothrombotic effects of Celebrex (Celecoxib). Despite having knowledge of the cardiothrombotic effects of Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer actively concealed and omitted to disclose those effects when marketing Celebrex (Celecoxib) to doctors, health care providers, and to the general public through direct advertisements.

155.    At the time these omissions were made, Pharmacia, Searle, Monsanto and Pfizer had knowledge of the substantial and significant cardiothrombotic effects of Celebrex (Celecoxib).

156.    Pharmacia, Searle, Monsanto and Pfizer omitted to inform Plaintiff of the true cardiothrombotic and other adverse health effects of Celebrex (Celecoxib).

157.    Pharmacia, Searle, Monsanto and Pfizer further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports it received about the side effects of Celebrex (Celecoxib) such as heart attacks and strokes. It further instructed and had a training manual for their sales force to dodge and mislead doctors when they asked questions about the cardiothrombotic effects of Celebrex (Celecoxib).

158.    Pharmacia, Searle, Monsanto and Pfizer failure to disclose material facts

Foreman

M0008640424

constituted fraudulent concealment. Pharmacia, Searle, Monsanto and Pfizer sanctioned approved and/or participated in the failure to disclose.

159. Pharmacia, Searle, Monsanto and Pfizer had a duty to speak because it had superior knowledge regarding the adverse health effects of Celebrex (Celecoxib) as set forth herein.

160. The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was unavailable to Plaintiff and/or Plaintiff's decedent's treating health care professionals. Pharmacia, Searle, Monsanto and Pfizer knew the information was unavailable yet approved and participated in instructing its agents, servants and employees to not disclose the information in order to promote the sales of Celebrex (Celecoxib) over other Cox 2 inhibitors as well as any non-steroidal anti-inflammatory such as Ibuprofen, Naproxen, and combined Cox 1 and Cox 2 inhibitors such as Mobic.

161. Plaintiff was diligent in attempting to seek the information by consulting with his physicians.

162. The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was not within the reasonable reach of Plaintiff and/or Plaintiff's decedent's treating physicians in the exercise of reasonable care.

163. The non-disclosed information was material, Pharmacia, Searle, Monsanto and Pfizer knew it was not disclosing complete information and intended that Plaintiff and/or Plaintiff's decedent's treating physicians act upon the non-disclosed information in the manner reasonably contemplated.

164. Plaintiff and/or Plaintiff's decedent's treating physician were ignorant as to the undisclosed information and had a right to rely on full disclosure.

Foreman

Page 45 of 57

M0086040425

165.    If Plaintiff and/or Plaintiff's decedent's treating physicians had known the complete information, they would not have prescribed and/or Plaintiff would not have taken Celebrex (Celecoxib) as evidenced by Pharmacia, Searle, Monsanto and Pfizer being required to include a black label warning.

166.    Pharmacia, Searle, Monsanto and Pfizer's non-disclosure of information was outrageous due to their evil motive and reckless indifference to the rights of Plaintiff, justifying an award of damages.

167.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

### COUNT 13--COMMON LAW FRAUD -CELEBREX

COMES NOW Plaintiff and for Count Thirteen of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

168.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

169.    Pharmacia, Searle, Monsanto and Pfizer, at all relevant times, made false representations and omissions to Plaintiff and other members of the public, including but not limited to, that Celebrex (Celecoxib) was safe, had been adequately tested to determine safety, and did not present life-threatening dangers.

170.    These representations and omissions, as set forth in the above paragraphs, were false. The true facts were that Celebrex (Celecoxib) was not safe, had not been adequately

Foreman

Page 46 of 57

M0008040426

tested, and had dangerous and life-threatening side effects. When Pharmacia, Searle, Monsanto and Pfizer made the representations, it knew them to be false, and said representations were made by Pharmacia, Searle, Monsanto and Pfizer with the intent to deceive Plaintiff and/or Plaintiff's prescribing physicians and with the intent to induce Plaintiff to use the Celebrex (Celecoxib) manufactured by Pharmacia, Searle, Monsanto and Pfizer.

171.    Plaintiff and/or Plaintiff's physicians reasonably relying upon false representations and omissions, Plaintiff's physicians prescribed Celebrex (Celecoxib); Plaintiff used Celebrex (Celecoxib). Plaintiff would not have done so if Plaintiff had known the true facts. In using Celebrex (Celecoxib), Plaintiff exercised ordinary care.

172.    As a direct and proximate result of the aforesaid fraudulent conduct, Pharmacia, Searle, Monsanto and Pfizer caused Plaintiff to suffer the damages and injuries herein alleged.

173.    Pharmacia, Searle, Monsanto and Pfizer conduct was outrageous due to its evil motive or reckless indifference to the rights of Plaintiff, justifying an award of damages.

174.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

## COUNT 14--BREACH OF IMPLIED WARRANTY-CELEBREX

COMES NOW Plaintiff and for Count Fourteen of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

Foreman

Page 47 of 57

M0008640427

175.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth

at length herein.

176.    When Pharmacia, Searle, Monsanto and Pfizer placed the Celebrex (Celecoxib)

into the stream of commerce, Pharmacia, Searle, Monsanto and Pfizer knew of the use for

which the supplement was intended and impliedly warranted to consumers including

Plaintiff that the use of Celebrex (Celecoxib) was a safe and acceptable means of

relieving pain and impliedly warranted that the product was of merchantable quality and

safe for its intended use.

177.    Plaintiff relied upon Pharmacia, Searle, Monsanto and Pfizer and its judgment

when Plaintiff purchased and utilized Celebrex (Celecoxib).

178.    The Celebrex (Celecoxib) was not of merchantable quality and was not safe or fit

for its intended use because it was unreasonably dangerous and incapable of satisfying the

ordinary purpose for which it was intended, and because it caused serious injury to

Plaintiff.

179.    As a direct and proximate result of the dangerous and defective condition of the

Celebrex (Celecoxib) Plaintiff suffered injury, and Plaintiff incurred economic damages

in the form of medical expense.

180.    Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all

damages caused by the defective product including, but not limited to, damages for pain,

suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, loss of

life, lost past and future income and incurred expense.

181.    The above-described acts and/or omissions of Pfizer were a direct and proximate

cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

Foreman

Page 48 of 57

M00864028

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

## COUNT 15--BREACH OF EXPRESS WARRANTY-CELEBREX

COMES NOW Plaintiff and for Count Fifteen of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

182.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

183.    At all relevant times, Pharmacia, Searle, Monsanto and Pfizer expressly warranted to Plaintiff by statements made by Pharmacia, Searle, Monsanto and Pfizer or its authorized agents, orally or in written publications, package labels, and/or inserts, that the Celebrex (Celecoxib) was safe, effective, fit, and proper for its intended use. The express warranties include, but were not limited to Celebrex (Celecoxib) is used in adults for:

        a   for relief of the signs and symptoms of osteoarthritis

        b.  for relief of the signs and symptoms of rheumatoid arthritis in adults

        c.  management of short-term pain

        d.  for the management of acute pain in adults

        e.  for the treatment of primary dysmenorrheal

        f.  to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP), as an adjunct to usual care.

184.    In utilizing Celebrex (Celecoxib), Plaintiff relied upon the skill, judgment, representations, and express warranties of the Pharmacia, Searle, Monsanto and Pfizer.

185.    The express warranties and representations made by Pharmacia, Searle, Monsanto

Foreman

Page 49 of 57

M0008640429

and Pfizer were false in that Celebrex (Celecoxib) was not safe and was not fit for the use for which it was intended.

186.    As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib), Plaintiff suffered injury, and Plaintiff incurred economic damages in the form of medical expense.

187.    Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of life, lost future income and incurred expense.

188.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

## COUNT 16--NEGLIGENT MISREPRESENTATION-CELEBREX

COMES NOW Plaintiff and for Count Sixteen of the Complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer, alleges:

189.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

190.    At all relevant times, Pharmacia, Searle, Monsanto and Pfizer knew, or should have known, that there were dangerous side effects resulting from the ingestion of Celebrex (Celecoxib).

191.    Pharmacia, Searle, Monsanto and Pfizer knew or reasonably should have known

Foreman

Page 50 of 57

M00864030

that consumers such as Plaintiff would not have known about the increased risk of stroke associated with the ingestion of Celebrex (Celecoxib).

192. Pharmacia, Searle, Monsanto and Pfizer armed with the knowledge stated in the preceding two paragraphs, preceded with the design, production, manufacture, promotion, advertising, and sale of Celebrex (Celecoxib) without adequate warning of the side effects and dangerous risks to the consuming public including Plaintiff.

193. Pharmacia, Searle, Monsanto and Pfizer negligently represented Plaintiff the safety and effectiveness of Celebrex (Celecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Celebrex (Celecoxib). The misrepresentations and/or material omissions made by or perpetuated by Pharmacia, Searle, Monsanto and Pfizer are as follows, Pharmacia, Searle, Monsanto and Pfizer failed to:

    a.     Conduct sufficient testing which, if properly performed, would have shown that Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

    b. Include adequate warnings with the Celebrex (Celecoxib) products that would alert users to the potential risks and serious side effects of the drugs; and/or

    c. Warn the Plaintiff that use of Celebrex (Celecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

    d. Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Celebrex (Celecoxib); and/or

Foreman

Page 51 of 57

M008640431

e. Provide Plaintiff with other appropriate warnings.

194. Pharmacia, Searle, Monsanto and Pfizer made the misrepresentations and omissions with the intent for Plaintiff and the consuming public to rely upon such information (or the absence of such information) in selection Celebrex (Celecoxib) as a treatment for pain relief.

195. Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment by Pharmacia, Searle, Monsanto and Pfizer and Plaintiff relied upon the absence of safety information which Pharmacia, Searle, Monsanto and Pfizer suppressed, concealed, or failed to disclose all Plaintiffs' detriment.

196. As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib) Plaintiff suffered injury, and Plaintiff incurred economic damages in the form of medical expense.

197. Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of life, lost future income and expense.

198. The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

## COUNT 17- STRICT PRODUCTS LIABILITY/ SALE OF DEFECTIVE PRODUCT- AGAINST WALGREENS

Foreman

Page 52 of 57

M008640432

COMES NOW, Plaintiff and for Count Seventeen of the Complaint against Defendant Walgreens, alleges:

199.    The Plaintiff re-alleges and incorporates the foregoing allegations.

200.    The Vioxx sold by Walgreens was defective and unreasonably dangerous when sold, and unaccompanied by proper and adequate warnings regarding all possible adverse side effects associated with the use of Vioxx and Celebrex, and the comparative severity and duration of the adverse effects. The warnings accompanying the Vioxx and Celebrex did not accurately reflect the symptoms, type, scope or severity of the side effects. Walgreens knew or should have known of these side effects due to the FDA sanctioning Merck for its misleading advertising and Dear Doctor letters Merck was required by the FDA to send, as well as other information available to a prudently informed seller of Vioxx and Celebrex.

201.    Alternatively, the warnings provided by Merck and Pfizer to plaintiff's physician were inadequate, as set out above, to have allowed plaintiff's physician to have provided plaintiff with information about the known dangerous propensity of Vioxx and Celebrex to cause heart attacks and stroke.

202.    Since plaintiff's physicians were unable to provide an adequate warning to Plaintiff, Walgreens had a duty to warn plaintiff that taking Vioxx and Celebrex could cause a heart attack or stroke.

203.    The Vioxx and Celebrex sold to Plaintiff was unaccompanied by a warning to Plaintiff that numerous other methods of pain relievers, including but not limited to Ibuprofen and/or Mobic were safer.

204.    Further, knowing plaintiff's health history, Walgreens sold Plaintiff Vioxx and

Foreman

Page 53 of 57

M008640433

Celebrex without warning Plaintiff that taking Vioxx and Celebrex was not advisable or indicated for Plaintiff.

205. As a direct and proximate result of Walgreens selling a defective product, plaintiff suffered a heart attack and it is strictly liable for the damages the Vioxx and Celebrex caused Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

**COUNT 18- NEGLIGENCE, FAILURE TO WARN- AGAINST WALGREENS**

COMES NOW Plaintiff and for Count Eighteen of the Complaint against Defendant Walgreens, alleges:

206. The Plaintiff re-alleges and incorporates the foregoing allegations.

207. Walgreens owed a duty to warn of any dangerous defects or side effects; a duty to assure the product it sells did not cause users unreasonable and dangerous risks, reactions, and side effects; and a duty to provide adequate post sale warnings as it learned of Vioxx's substantial dangers.

208. Walgreens knew or should have know that Vioxx and Celebrex caused unreasonably dangerous risks and serious side effects of which the general public would not be aware, including but not limited to the FDA sanctions of Merck, the Dear Doctor letters Merck sent to doctors and other health care providers, and the medical literature regarding Vioxx and Celebrex. Walgreens nevertheless sold Vioxx and Celebrex without adequate warnings of the dangerousness of Vioxx and Celebrex and knowing that there were safer methods and products for pain control.

Foreman

Page 54 of 57

M008640434

209.    Walgreens negligent making to warn of the cardiovascular risks associated

with the use of Vioxx and Celebrex is not within the scope of the Healing Arts

Malpractice Act as Walgreens duty to provide accurate information regarding

cardiovascular risks once Walgreens has undertaken to provide information about these

risks is within the grasp of the ordinary lay juror, is not inherently one of medical

judgment and will be established on the basis of Walgreens administrative policies

regarding information provided to patients receiving Vioxx and Celebrex.

210.    Walgreens breached its duty of reasonable care to Plaintiff in that it failed to:

a.    Warn that Vioxx and Celebrex had serious side effects, including

heart attacks,

strokes, hypertension, atherosclerosis, blood clots, ulcers, and others, and warn users of

those risks which Defendants knew or should have known; and/or

b.    Include adequate warnings with Vioxx and Celebrex that would alert

users to the

potential risks and serious side effects of the drugs which Walgreens knew or should

have known of; and/or

c.    Warn Plaintiff that use of Vioxx and Celebrex carried a risk of death or

permanent

disability from heart attack, strokes, blood clots, ulcers, and other cardiovascular

disorders and other serious side effects which Walgreens knew or should have known of;

and/or

Foreman

Page 55 of 57

M008640435

  d.  Other appropriate warnings.

211. As a direct and proximate result of Walgreens' negligence and breaches of its duty

of reasonable care, Plaintiff has been damaged.

  WHEREFORE, Plaintiff prays for judgment against Defendant in a sum in excess

of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and

reasonable under the circumstances and for his costs herein expended.

### COUNT 19- BREACH OF WARRANTY- AGAINST WALGREENS

  COMES NOW Plaintiff and for Count Nineteen of the Complaint against

Defendant Walgreens, alleges:

212. The Plaintiff re-alleges and incorporates the foregoing allegations.

213. Plaintiff purchased the defective and dangerous Vioxx and Celebrex drugs from

Walgreens in this County, pursuant to prescriptions from Plaintiff's physicians.

214. In selling Vioxx and Celebrex to Plaintiff, Walgreens expressly and impliedly

warranted that Vioxx and Celebrex was safe for its intended use, was free from

manufacturing or production defects, and would perform as indicated. Walgreens also

expressly and impliedly warranted that Vioxx and Celebrex caused no side effects other

than those listed in the package insert.

215. Walgreens breached these warranties by selling to Plaintiff Vioxx and Celebrex

that was not of merchantable quality, was unsafe and whose potential side effects were

substantially untested.

216. As a direct and proximate result of Walgreens' breach of express and implied

warranties, Plaintiff has been damaged.

  WHEREFORE, Plaintiff prays for judgment against Defendant Merck in a sum in

Foreman

Page 56 of 57

M008640436

excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and

reasonable under the circumstances and for his costs herein expended.

### PRAYER FOR RELIEF AS TO ALL COUNTS

WHEREFORE, Plaintiff requests that this Court enter a judgment against the

Defendant and in favor of the Plaintiff, and to award the following relief:

a. General damages in the sum in excess of the jurisdictional minimum of

this Court;

b. Compensatory damages, including past, present, and future physical

pain and suffering, loss of earning capacity, disfigurement, physical impairment, and

medical care expenses;

c. Consequential Damages;

d. Costs including, but not limited to, discretionary Court costs of this

cause, and those costs available under the law, as well as expert fees and attorney fees and

expenses, and costs of this action; and,

e. Such other relief as the Court deems just and proper.

Respectfully submitted,

**GOLDENBERG HELLER ANTOGNOLI
ROWLAND SHORT & GORI, P.C.**

By _____

**Robert D. Rowland #6198915
Aaron K. Dickey #6281731**
2227 S. State Route 157
P.O. Box 959
Edwardsville, IL 62025
618/656-5150 Telephone
618/656-6230 Facsimile

ATTORNEYS FOR PLAINTIFF

Foreman

Page 57 of 57

M00864O437